C. R. JOHNS ET AL V. SAMUEL SCHUTZ.

1. SURVEYS—LINES.—If the boundaries of a grant were marked upon the ground, or otherwise indicated in the grant, so that the land can be identified with reasonable certainty, it is all that is required; it is not necessary to the validity of a grant that the lines should have been actually defined and marked by a scientific surveyor.

2. PRESUMPTION—GRANT.—It will be presumed that the acts of officers of a former Government are within and not in excess of their authority; so that a grant made by the authorities of El Paso, in 1827, of land within the town limits, coupled with possession under the grant up to the present time, is held sufficient to establish the *prima facie* validity of such grant as conveying title from the Government.

3. CALLS IN SURVEY.—A call for a line on "the side of the north, at the foot of the hills, and leaving inside all that can be cultivated,"

must control a call for a line "taking the course from west to east."

4. BOUNDARIES.—See facts held sufficient proof of the locality of a line of a survey at variance with a call for course and distance.

ERROR from El Paso county.  Tried below before the Hon. S. B. Newcomb.

This is an action of trespass to try title, brought by Schutz, for two small lots of land, claimed under transfers from Juan Ponce de Leon, who held under a conveyance, made in 1827, by the municipal authorities of El Paso.  Possession in Ponce, and his heirs and assigns, down to the plaintiff, was alleged, and that Johns & Co., in November, 1872, entered upon the land claimed, and caused a location of a valid land certificate to be made thereon; that survey had been made, and field-notes returned to the land office, under which the defendants claimed the land.

Subsequent to the institution of the suit, plaintiff, in the spring of 1873, designated the lots claimed as a pre-emption, and had caused survey under such designation, &c.  Plaintiff, by amendment, set up claim under this pre-emption.

The defendants pleaded not guilty, and set up, by appropriate averments, their claim under the location and survey made in November, 1872; that the land was vacant; their location and survey under valid certificate owned by them, and return of same to the land office for patent; that their survey includes the lots claimed by plaintiff.

The record is not as carefully prepared as could be desired, and, aside from the statement of facts, it appears that the parties agreed upon the admissibility of—

1. Copy of the papers constituting the act of sale from the town of El Paso to Ponce de Leon, which document described the land conveyed as follows: " Commenced measuring where acequia, taken out by Don Jacobus Bernal, is cut by the point of a hill,   *   *   *   a monument of lime and stone, taking the course from west to east by the side of the north, had one cabaleria, to which was augmented 535 varas, for the dispro-

portion of this triangle of land, on account that the center only being 225 varas in width, by which the first cabaleria was completed; and they continued measuring the other, following the course from west to east, side of the north, and at the foot of the hills, and leaving inside all that can be cultivated, and runs south to the river, and has 750 varas, considering the augmentation of 240 varas."

2. Regularity of title deeds from Ponce to plaintiff.

3. Possession since 1831; payment by plaintiff of purchase-money in 1860; payment of taxes, &c.

4. That the defendants have title to the certificate, the location, survey, return of field-notes, in November, 1872, to land office for patent.

5. Plaintiff's pre-emption claim, in March, 1873, of the lots sued for.

The controversy, giving rise to the location by Johns & Co., is as to where the north line of the Ponce tract is situated.

Defendants insist that it runs east from the beginning in its course, the line of the second cabaleria being only a prolongation of that of the first.

Plaintiff insists that, at a point about 1,104 varas from the beginning, the line bears to the north; that by such change of direction is included the lots sued for.

The triangle, between the extension of the east line of the Ponce tract and the two lines claimed as above, is the location claimed by defendants, as shown by the pleading and evidence of the survey.

Much testimony was introduced, for the purpose of showing that, from the date of the conveyance, in 1827, to Ponce, he, and those claiming under him, had occupied this disputed territory, claiming it as their own, under the conveyance from the authorities of El Paso.

The court instructed the jury: " The original boundaries, as surveyed and defined, will govern, if they can be ascertained; therefore, if you find, from the evidence, that the

original survey of the Ponce grant included the land in question, then your verdict will be for the plaintiff; otherwise, for the defendant. If you are unable to find, from the evidence, what were the original boundaries of the grant, then you will determine, from the evidence, whether the land in question comes under the grant, according to the courses and distances as defined in the grant, and render your verdict accordingly."

The jury found for plaintiff, and motion for new trial was overruled; and defendants, by writ of error, brought the case up for revision.

*Terrell & Walker*, for plaintiffs in error.

*Hancock, West & North*, for defendant in error.

MOORE, ASSOCIATE JUSTICE.—The transcript in this case has not been prepared with that care with which it evidently should have been. It shows upon its face that a part of the evidence upon which the case was tried in the court below, was not incorporated into the statement of facts as copied in the record. The copy of the title or grant which gave rise to the controversy, though in the transcript in the Spanish language, yet there seems to have been no translation of it in the court below, and none has been furnished us; and the facts upon which the proper decision of the case should turn seem to have been very unsatisfactorily exhibited or developed in the court below. We might very well affirm the judgment, under the authority of many previous decisions of the court, to the effect that errors, relied upon for the reversal of the judgment, could not be considered, in the absence of a proper statement of facts. But waiving objections of this character, and looking at the case as exhibited in the record, we are constrained to say that we are unable to see any error in the judgment of which the plaintiffs can justly complain.

It certainly cannot be maintained that the grant to Ponce de Leon should be held void because its boundaries were not defined and marked by a scientific surveyor with a chain and

compass. If the boundaries were marked upon the ground, or otherwise indicated in the grant, so that the land can be identified with reasonable certainty, this is all that seems to be required. Nor are we prepared to say that the judgment should be reversed because appellees did not produce any written evidence of title from the Government to the town of El Paso, by whom the grant was made to Ponce de Leon. As has been often said, it will be presumed that the acts of officers of a former Government are within, and not in excess, of their authority. This presumption, in connection with an undisturbed possession of about forty-five years, more than twenty of which elapsed while the land in question was subject to the jurisdiction from which the grant emanated, are quite sufficient to establish the *prima facie* validity of the grant, even without the aid of the parol testimony, to which no objection was made, that the town of El Paso was authorized to make the grant.

The right of appellee to the land in controversy, under the title to Ponce de Leon, turns upon the correctness of appellants' position, that, in order to properly locate the grant upon the ground, its first line is absolutely required to pursue a course due east from its initial point. If we take the translation of this part of the grant found in the brief of appellants' counsel to be correct, as it seems to be, so far as our imperfect knowledge of the Spanish language enables us to say, still we do not think this is a proper conclusion from it, especially when we consider the manner in which it is shown that surveys were made at the date of this grant. If lines of a survey are indicated by natural or artificial objects, such objects furnish a guide for locating the land, which will control calls for mere course, even when scientific instruments have been used for fixing the supposed course of the lines. We think, therefore, the call in this grant for a line on the "side of the north, at the foot of the hills, and leaving inside all that can be cultivated," must control the call for a line "taking the course from west to east."

There is certainly no evidence in this record from which we can say, if the north line is located by the call for the foot of the hills, leaving inside of the grant all the land that can be cultivated, that it would not embrace the land claimed by defendant in error.  On the other hand, we think, the long-continued possession and claim of this land by the grantee and those claiming under him; the fact that he took possession, occupied, claimed, and improved this land with the knowledge of the authorities and inhabitants of the town of El Paso; that the lines of the survey as claimed by Ponce de Leon seem to have been well known at the date of the grant and long subsequently, and, as may be inferred, could be easily identified by following its controlling call instead of that for course; that more than twenty years subsequently to its date, and after the land had passed under the jurisdiction of a different Government, the land was surveyed by the county surveyor, in presence of parties who had no interest in it, but who had been familiar with its boundaries from the time it was made; and that the line as thus ascertained and defined by said survey corresponds with the position ascribed to it by all those who professed or had had the means of knowing its location from the date of the grant, are amply sufficient to justify the jury in concluding that the land claimed by appellee was, in fact, a part of said grant.

There is no error in the judgment.

AFFIRMED.